**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Viridiana Avendano Flores**, individually, and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>vs.<br><br>**Elite Staffing Services, LLC**, an Arizona limited liability company; **CP Boulders LLC**, a Delaware limited liability company; **Columbia Sussex Corporation**, a Kentucky corporation; **John Doe Corporations I-XX**; **Dulce Matias and John Doe Matias**, and married couple, and **Joseph Rodriguez and Jane Doe Rodriguez**, a married couple,<br><br>     Defendants. | No.<br><br>**COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. § 201, *ET SEQ*.** |

Plaintiff, Viridiana Avendano Flores ("Plaintiff" or "Viridiana Avendano Flores"), individually, and on behalf of all other individuals similarly situated, sues the Defendants Elite Staffing Services, LLC; CP Boulders LLC; Columbia Sussex Corporation; John Doe Corporations I-XX; Dulce Matias and John Doe Matias; and Joseph Rodriguez and Jane Doe Rodriguez (collectively "Defendants") and alleges as follows:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## **PRELIMINARY STATEMENT**

1.      This is an action for unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.      Plaintiff brings this action on behalf of himself and all similarly-situated current and former employees of Defendants who were Hourly Employees[1] provided by Elite Staffing Services, LLC to work for The Boulders Resort & Spa Scottsdale and were not paid all overtime owed for the total time worked for Defendants in excess of 40 hours in a given workweek.

_____

[1]      For the purposes of this Complaint, "Hourly Employees" is exclusively a label used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiff or the putative class, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

4. Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay overtime properly in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

5. Plaintiff brings a collective action under the FLSA to recover the unpaid overtime owed to her individually and on behalf of all other similarly-situated employees, current and former, of Defendants. Members of the Collective Action are referred to as the "Collective Members."

6. The Collective Members are all current and former Hourly Employees provided by Elite Staffing Services, LLC to work for The Boulders Resort & Spa Scottsdale at any time starting three years before this Complaint was filed, up to the present.

7. Plaintiff has given her written consent to be a party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

8. Defendants Elite Staffing Services, LLC, Dulce Matias and John Doe Matias, and Joseph Rodriguez and Jane Doe Rodriguez (the "Elite Staffing Defendants") own and operate as "Elite Staffing Services," an employment placement agency doing business in Maricopa County, Arizona.

9. Defendants CP Boulders LLC, Columbia Sussex Corporation, and John Doe Corporations I-XX (the "Boulders" Defendants") own, operate, or otherwise manage The Boulders Resort & Spa Scottsdale doing business in Maricopa County, Arizona.

10.    At all relevant times, the Boulders Defendants have operated pursuant to a policy and practice of contracting with the Elite Staffing Defendants to provide the Boulders Defendants with Hourly Employees to work in various departments of The Boulders Resort & Spa Scottsdale, including within restaurants, kitchens, and, on information and belief, housekeeping, and other departments.

11.    On information and belief, the purpose of such a policy and practice, in theory, is to pay the Elite Staffing Defendants to handle the logistics of managing the Hourly Workers on behalf of The Boulders Defendants so that The Boulders Defendants need not bother with managing them and, in turn, can avoid employment-related liability, including that related to hours worked and wages paid.

12.    However, in reality, at all relevant times, the Boulders Defendants have operated pursuant to a policy and practice of controlling the day-to-day functions the Hourly Workers otherwise provided by the Elite Staffing Defendants such that both The Boulders Defendants and the Elite Staffing Defendant effective function as the Hourly Workers' employer.

13.    Indeed, The Boulders compensate the Hourly Workers by first paying the Elite Staffing Defendants who, in turn, provide paychecks to the Hourly Workers for work performed.

14.    In engaging in such a practice, Defendants required Plaintiff and the Collective Members to work in excess of 40 hours in a given workweek and did not pay them overtime for time worked in excess of 40 hours.

15.     At all relevant times, pursuant to this practice, Defendants have willfully failed or refused to pay overtime to their Hourly Workers – Plaintiff and the Collective Members.

16.     In willfully refusing to pay overtime, Defendants have violated the overtime provisions of 29 U.S.C. § 207.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.

18.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

19.     At all times material to the matters alleged in this Complaint, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former Hourly Worker of Defendants.

20.     At all material times, Defendant Elite Staffing Services LLC was a limited liability duly licensed to transact business in the State of Arizona.  At all material times, Defendant Elite Staffing Services LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

21.    At all relevant times, Defendant Elite Staffing Services LLC was an employment placement agency doing business in the Phoenix Metropolitan Area

22.    Under the FLSA, Defendant Elite Staffing Services LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Elite Staffing Services LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Defendants' employees, Defendant Elite Staffing Services LLC is subject to liability under the FLSA.

23.    At all material times, Defendant CP Boulders LLC was a limited liability duly licensed to transact business in the State of Arizona.  At all material times, Defendant CP Boulders LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

24.    At all relevant times, Defendant CP Boulders LLC owned and operated as The Boulders Resort & Spa Scottsdale in Maricopa County, Arizona.

25.    Under the FLSA, Defendant CP Boulders LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, CP Boulders LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Defendants' employees, Defendant CP Boulders LLC is subject to liability under the FLSA.

26.     At all material times, Defendant Columbia Sussex Corporation was a corporation duly licensed to transact business in the State of Arizona.  At all material times, Defendant Columbia Sussex Corporation does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

27.     At all relevant times, Defendant Columbia Sussex Corporation owned and operated as The Boulders Resort & Spa Scottsdale in Maricopa County, Arizona.

28.     Under the FLSA, Defendant Columbia Sussex Corporation is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Columbia Sussex Corporation had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Defendants' employees, Defendant Columbia Sussex Corporation is subject to liability under the FLSA.

29.     Upon information and belief, Defendant(s) John Doe Corporations I-XX are and/or were, at all times relevant herein, individuals, groups, partnerships, and/or other entities which: (1) may have been owned or operated by or in conjunction with any

of the Defendants The Boulders Resort & Spa Scottsdale; (2) may have hired individuals, including Plaintiff or the Collective Members as employees of any of the named Defendants; (3) may have been involved in Plaintiff's or the Collective Members' damages; and/or (4) are otherwise proper parties to this lawsuit.  The identities of Defendant(s) John Doe Corporations I-XX remain unknown despite Plaintiff's' due diligence.

30.    At all relevant times, Defendant(s) John Doe Corporations I-XX were employers under the FLSA.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant(s) John Doe Corporations I-XX had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, Defendant(s) John Doe Corporations I-XX is subject to liability under the FLSA.

31.    Upon information and belief, Defendant(s) John Doe Corporations I-XX do business as "The Boulders Resort & Spa Scottsdale."

32.    Defendants Dulce Matias and John Doe Matias are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Dulce Matias and John Doe Matias are owners or managers of Elite Staffing Services, LLC and

were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

33.    Under the FLSA, Defendants Dulce Matias and John Doe Matias are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Dulce Matias and John Doe Matias had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to Defendants' employees, Defendants Dulce Matias and John Doe Matias are subject to individual liability under the FLSA.

34.    Defendants Joseph Rodriguez and Jane Doe Rodriguez are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Joseph Rodriguez and Jane Doe Rodriguez are owners or managers of Elite Staffing Services, LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

35.    Under the FLSA, Defendants Joseph Rodriguez and Jane Doe Rodriguez are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Joseph Rodriguez and Jane Doe Rodriguez had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment,

determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to Defendants' employees, Defendants Joseph Rodriguez and Jane Doe Rodriguez are subject to individual liability under the FLSA.

36.    Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

37.    On information and belief, at all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a resort and hotel in Maricopa County, Arizona.

38.    On information and belief, at all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff and the Collective Members; and (2) Defendants were under common control.  In any event, at all relevant times, all Defendants were joint employers of Plaintiff and the Collective Members under the FLSA.

39.    Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the chain of restaurants that comprise the business offerings of The Boulders Resort & Spa Scottsdale.

40. Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

41. Alternatively, and in addition to being employers in their own right, the Elite Staffing Defendants and The Boulders Defendants comprise a "vertical joint employment" relationship under the FLSA.

42. Vertical joint employment exists when "a company has contracted for workers who are directly employed by an intermediary company." *Litzendorf v. Property Maintenance Solutions, LLC*, 2017 WL 5900830, at *4 fn. 2 (D. Ariz. November 30, 2017).

43. Specifically, The Boulders Defendants hired and contracted for Plaintiff and the Collective Members to work for them through the Elite Staffing Defendants.

44. The Boulders Defendants assign work they need done to the Elite Staffing Defendants.

45. The Elite Staffing Defendants hire employees, such as Plaintiff and the Collective Members, to perform the construction work assigned by The Boulders Defendants.

46. All work performed by the Elite Staffing Defendants and Plaintiff and the Collective Members were assigned by The Boulders Defendants.

47. At all relevant times, The Boulders Defendants controlled the work being performed by Plaintiff and the Collective Members that they assigned to the Elite Staffing Defendants.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

48.    Work assigned by The Boulders Defendants to the Elite Staffing Defendants passed to Plaintiff without material change.

49.    Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

50.    Defendants, and each of them, are sued in both their individual and corporate capacities.

51.    Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

52.    Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

53.    At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

54.    The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

55.    At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

56.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' work and wages at all relevant times.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

57.     On information and belief, Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

58.     On information and belief, Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

59.     On information and belief, Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

60.     On information and belief, Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

61.     At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

62.     At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were engaged in interstate commerce.

63.     Plaintiff and the Collective Members, in their work for Defendants, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

64.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65.     The Elite Staffing Defendants own and operate as "Elite Staffing Services," an employment placement agency doing business in Maricopa County, Arizona.

66.     The Boulders Defendants own, operate, or otherwise manage The Boulders Resort & Spa Scottsdale doing business in Maricopa County, Arizona.

67.     In or around March 2023, Defendants hired Plaintiff to work for them as a kitchen assistant at The Boulders Resort & Spa Scottsdale       .

68.     At all relevant times, as a server, Plaintiff's primary job duties included preparing food, cooking food, washing dishes, cleaning the kitchen and back of house, or other various kitchen-related duties.

69.     Defendants, in their sole discretion, paid Plaintiff a regular rate of approximately $19 per hour.

70.     Plaintiff, in her work for Defendants, was generally scheduled to, and did, work approximately between 60 and 95 hours per week.

71.     Plaintiff, in her work for Defendants, generally worked a minimum of six days per week.

72.     At all relevant times, a representative of The Boulders Defendants would set and communicate Plaintiff's schedule to her.

73.     At all relevant times, The Boulders Defendants, acting through authorized representatives or employees, controlled Plaintiff's day-to-day functions as a kitchen assistant.

74.     At all relevant times, The Boulders Defendants handled the disciplining and firing of employees who were otherwise onboarded using the Elite Staffing Defendants.

-14-

75.    Defendants did not compensate Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a workweek.

76.    Throughout her employment with Defendants, Plaintiff was generally paid on a weekly basis.

77.    Rather than compensate Plaintiff at a rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants paid Plaintiff her regular, straight-time rate for all such time worked.

78.    For example, for the workweek of April 17, 2023, through April 26, 2023, the paycheck issued to Plaintiff shows that she worked 72 hours, earned gross wages of $1,368, and was not paid an overtime premium of one and one-half times her regular rate of pay for the 32 hours she worked in excess of 40.

79.    For example, for the workweek of May 15, 2023, through May 21, 2023, the paycheck issued to Plaintiff shows that she worked 68 hours, earned gross wages of $1,292, and was not paid an overtime premium of one and one-half times her regular rate of pay for the 28 hours she worked in excess of 40.

80.    For example, for the workweek of May 29, 2023, through June 4, 2023, the paycheck issued to Plaintiff shows that she worked 63 hours, earned gross wages of $1,197, and was not paid an overtime premium of one and one-half times her regular rate of pay for the 23 hours she worked in excess of 40.

81.    For example, for the workweek of June 26, 2023, through July 2, 2023, the paycheck issued to Plaintiff shows that she worked 93 hours, earned gross wages of

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

$1,767, and was not paid an overtime premium of one and one-half times her regular rate of pay for the 53 hours she worked in excess of 40.

82.    For example, for the workweek of September 18, 2023, through September 24, 2023, the paycheck issued to Plaintiff shows that she worked 65 hours, earned gross wages of $1,235, and was not paid an overtime premium of one and one-half times her regular rate of pay for the 25 hours she worked in excess of 40.

83.    For example, for the workweek of October 16, 2023, through October 22, 2023, the paycheck issued to Plaintiff shows that she worked 71.5 hours, earned gross wages of $1,358.50, and was not paid an overtime premium of one and one-half times her regular rate of pay for the 31.5 hours she worked in excess of 40.

84.    For example, for the workweek of November 13, 2023, through November 19, 2023, the paycheck issued to Plaintiff shows that she worked 63 hours, earned gross wages of $1,197, and was not paid an overtime premium of one and one-half times her regular rate of pay for the 23 hours she worked in excess of 40.

85.    Defendants' practice of requiring Plaintiff to work in excess of 40 hours without paying an overtime premium for such time continued for her entire employment with Defendants.

86.    Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

87.    As a result of Defendants' failure to compensate Plaintiff an overtime premium for all hours she worked in excess of 40 hours in a given workweek, Defendants violated 29 U.S.C. § 207(a).

-16-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

88. Defendants classified Plaintiff as W-2 employee.

89. At all relevant times, Plaintiff was a non-exempt employee.

90. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

91. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

92. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

93. All actions and agreements by Defendants described herein were willful and intentional, and they were not the result of mistake or inadvertence.

94. Defendants were aware that the FLSA applies to their business at all relevant times and that, under the FLSA, they were required to pay overtime for time worked in excess of 40 hours in a given workweek to Plaintiff and the Collective Members.

95. Employees working under conditions similar to those employed with Defendants have been determined to be owed unpaid overtime in other FLSA cases. Despite this knowledge of their violations, and in an effort to enhance Defendants' profits, Defendants continued to require Plaintiff and the Collective Members to work in excess of 40 hours in a given workweek and did not pay an overtime premium for time worked in excess of 40 hours.

96.     In doing so, Defendants knowingly suffered or permitted Plaintiff and the Collective Members to work in excess of 40 hours during a workweek without paying them overtime compensation at a rate of one and one-half times their regular rate for all such hours worked.  Such conduct was intentional, unlawful, fraudulent, deceptive, unfair, and contrary to public policy.

## INJURY AND DAMAGE

97.     Plaintiff and the Collective Members suffered harm, injury, and damages, including financial loss, as a result of Defendants' conduct complained of herein.

98.     Plaintiff and all Members of the putative Collective were entitled to overtime pay for their work performed for Defendants.  By failing to pay Plaintiff and the Collective Members overtime pay, Defendants injured Plaintiff and the Collective Members and caused them financial loss, harm, injury, and damage.

## FLSA COLLECTIVE ACTION ALLEGATIONS

99.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

100.    Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

101.    Plaintiff asserts those claims on behalf of herself, and on behalf of all similarly situated Hourly Employees of Defendants, who were not paid all overtime compensation required by the FLSA during the relevant time period as a result of Defendants' aforementioned compensation policies and practices.

102.    At all relevant times, in their work for Defendants, the Collective Members worked for an hourly wage for Defendants.

103.    The Collective Members, in their work for Defendants, were generally scheduled to, and did, work in excess of 40 hours per week.

104.    Defendants did not compensate the Collective Members one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

105.    Rather than compensate the Collective Members at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants required them to work in excess of 40 hours in a given workweek and simply paid them at their regular, straight-time rate for such time worked.

106.    Plaintiff seeks to notify the following individuals of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All current or former Hourly Employees (or individuals with other similar job duties or titles), who were provided by Elite Staffing Services, LLC, or any of the Elite Staffing Defendants to work for The Boulders Resort & Spa Scottsdale and/or who did not receive an overtime premium of one and one-half times their regular rates of pay for time spent working in excess of 40 hours in at least one workweek at any time during the past three years before the filing of the Complaint up to the present.**

107.    At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully

failing and refusing to pay its Hourly Employees an overtime premium for all time worked in excess of 40 hours in a given workweek.

108.    Plaintiff's claims stated herein are essentially the same as those of the Collective Members.  This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff are identical or substantially similar.

109.    Plaintiff and the Collective Members are hourly employees who are entitled to be paid an overtime premium for all time worked in excess of 40 hours in a given workweek.

110.    The Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of such overtime wages.

111.    Defendants' failure to overtime as required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

112.    The experiences of Plaintiff, with respect to their pay, are typical of the experiences of the Collective Members.

113.    All of the Collective Members, irrespective of their particular job requirements and job titles, are entitled to be compensated an overtime premium for the overtime they worked.

114.    The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255.  As alleged above, Plaintiff and the Collection Members' claims arise out of Defendants' willful violations

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

of the FLSA.  Accordingly, the Court should require appropriate notice of this action be given to all individuals employed by Defendants within three years from the filing of this Complaint.

115.    Upon information and belief, Defendants have employed more than one hundred (100) such Hourly Employees during the period relevant to this action.

116.    The identities of these individuals, as a group, are known only to Defendants.  Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

117.    Because these similarly situated employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

118.    Collective adjudication is appropriate in this case because the individuals whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff has been subjected, including unlawful failure to pay the applicable overtime as required by the FLSA.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

119.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

120.    Defendants willfully failed or refused to pay Plaintiff and the Collective Members the applicable overtime wage for all hours worked in excess of 40 in a given workweek throughout the duration of their employment.

121.    As a result, Defendants failed to compensate Plaintiff and the Collective Members at least the applicable overtime wage rate for all hours worked in excess of 40 in a given workweek.

122.    Defendants' practice of willfully failing or refusing to pay Plaintiff and the Collective Members at the required overtime wage rate violates the FLSA, 29 U.S.C. § 207(a).

123.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the proper overtime rate would violate federal law, and Defendants were aware of the FLSA overtime requirements during Plaintiff and the Collective Members employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

124.    Plaintiff and the Collective Members are therefore entitled to compensation for the unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Viridiana Avendano Flores, individually, and on behalf of all other similarly situated persons, request that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one or

more of the following acts:

    i.    violated overtime provisions of the FLSA, 29 U.S.C. § 207, by

        failing to pay proper overtime wages;

    ii.    willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B.    For the Court to award damages in the amounts of all unpaid overtime

compensation due and owing to Plaintiff and the Collective Members for

time they spent working in excess of 40 hours per given workweek;

C.    For the Court to award compensatory damages, including liquidated

damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at

trial;

D.    For the Court to award prejudgment and post-judgment interest on any

damages awarded;

E.    For the Court to award Plaintiff's and the Collective Members' reasonable

attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and

all other causes of action set forth in this Complaint;

F.    For the Court to provide reasonable incentive awards to Plaintiff to

compensate her for the time spent attempting to recover wages for the

Collective Members and for the risks taken in doing so; and

G.    Such other relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

RESPECTFULLY SUBMITTED this 28th day of August 2024.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Christopher J. Bendau
Clifford P. Bendau, II
*Attorneys for Plaintiff*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060