**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Viridiana Avendano Flores,<br><br>Plaintiff,<br><br>v.<br><br>Elite Staffing Services LLC, et al.,<br><br>Defendants. | No. CV-24-02241-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion for leave to serve Defendants Elite Staffing Services, LLC, Dulce Matias, and Joseph Rodriguez (collectively, the "Elite Staffing Defendants") via alternative means. (Doc. 16.) The motion is granted.

## BACKGROUND

The facts related to service of the Elite Staffing Defendants are set forth as follows:

On October 9, 2024, at 7:15 p.m., process server Mark Hepp attempted service at 1627 W. Colter St., Phoenix, AZ 85015 ("the Colter St. Residence"), the residence of Defendants Dulce Matias and Joseph Rodriguez, a married couple who own and operate Defendant Elite Staffing Services. (Doc. 16-3 at 2.) A Black BMW SUV was parked in the driveway, and a white GMC Crew Cab was parked adjacent to the house. (*Id.*) There was no answer. (*Id.*) Hepp heard dogs barking and noted that "[t]he home is equipped with a video doorbell." (*Id.* at 3.)

On October 11, 2024,[1] at 7:28 a.m., Hepp again attempted service at the Colter St.

---

[1] The service notes indicate that this attempt was made on "10.11.23," but this is

Residence. (*Id.*) Three vehicles were present. (*Id.*) After knocking once, Hepp heard the sound of the dogs barking and "a blind hitting the window frame," but no one answered. (*Id.*) "Knowing someone was home, [Hepp] waited a minute before knocking again," and after the second knock, a man answered the door and began yelling that his children were sleeping. (*Id.*) When Hepp explained that he had legal documents for Dulce Matias and Joseph Rodriguez, the man denied knowing those individuals and claimed to be renting the house with no knowledge of who the owners were. (*Id.* at 3-4.) At that time, a woman "matching the physical description provided for Dulce" (Hispanic, about 5'6", thin, dyed blonde hair, between 35 and 40 years old) appeared, and when Hepp "called her by name," the man closed the door behind himself and stepped outside to "further yell at" Hepp. (*Id.* at 4.) The woman held her cell phone up to a window and seemed to be filming the interaction. (*Id.*) Hepp attempted to take a photo with his own cell phone, and the man snatched the phone from Hepp's hand and placed it in his (the man's) pocket. (*Id.*) While maintaining possession of Hepp's phone, the man continued to yell at Hepp for several minutes and threatened to physically remove Hepp from the man's "property" (the curtilage of the Colter St. Residence). (*Id.*) Hepp stated he would "gladly leave" once his phone was returned. (*Id.*) After several more minutes of yelling, the man returned Hepp's phone. (*Id.*) "Given the hostile nature of the interaction," Hepp "was afraid to escalate the situation by drop serving the documents," although he felt that doing so would have been justified. (*Id.*)

On October 11, 2024, at 7:56 a.m., Hepp attempted service at the office location of Elite Staffing Services, LLC, 5800 N. 19th Ave. Suite 204, Phoenix AZ 85015 ("the Elite Staffing Office"), but Hepp was able to observe through the windows that the suite was empty—wires hung from the ceiling and there was no furniture or office equipment. (*Id.* at 5.) A cleaning service employee attending to the plaza confirmed that Suite 204 was vacant but "had no idea when the tenants vacated" the suite. (*Id.*)

On October 26, 2024, Plaintiff filed the pending motion for leave to serve by

---

clearly a typographical error—the complaint was filed on August 28, 2024 (Doc. 1), so a service attempt could not have been made in October 2023.

- 2 -

alternative means, which requests leave to serve the Elite Staffing Defendants via U.S. Mail and Certified Mail to the Colter St. Residence.

**DISCUSSION**

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual (with exceptions not relevant here) may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

   (A) delivering a copy of the summons and of the complaint to the individual personally;

   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Under Rule 4.1(d) of the Arizona Rules of Civil Procedure, an individual may be served within Arizona using the same methods outlined in Rule 4(e)(2) of the Federal Rules.

Rule 4(h)(1) of the Federal Rules of Civil Procedure provides that an unincorporated association in a judicial district of the United States must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant" or "in the manner prescribed by Rule 4(e)(1) for serving an individual," which permits service under state law. Rule 4(i) of the Arizona Rules of Civil Procedure governs unincorporated associations and mirrors the federal rule.

Rule 4.1(k) of the Arizona Rules provides for alternative means of service: "If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are

- 3 -

1  impracticable, the court may—on motion and without notice to the person to be served—
2  order that service may be accomplished in another manner," in which case "the serving
3  party must make a reasonable effort to provide the person being served with actual notice
4  of the action's commencement" and must, at a minimum, "mail the summons, the pleading
5  being served, and any court order authorizing an alternative means of service to the last-
6  known business or residential address of the person being served."

Arizona's Rule 4.1(k) requires a showing of impracticability.  Impracticability in this context requires "something less than a complete inability to serve the defendant" and even "something less than the 'due diligence' showing required before service by publication may be utilized." *Blair v. Burgener*, 245 P.3d 898, 901, 903-04 (Ariz. Ct. App. 2010).  In the context of Rule 4.1(k), "impracticable" simply means that the traditional means of service have proved to be "extremely difficult or inconvenient." *Id*. at 903.

The Court finds that service has proved impracticable.  Service may be effected by sending the summons, the pleading being served, and a copy of this order to the Colter St. Residence via Certified Mail and to Elite Staffing Services, LLC via email at elitestaffingllc@outlook.com.[2]  This would constitute "a reasonable effort to provide the [party] being served with actual notice of the action's commencement." Ariz. R. Civ. P. 4.1(k)(2).

Because the interaction between the man at the Colter St. Residence and the process server was particularly hostile,[3] the Court will *sua sponte* grant leave for Columbia Sussex Corporation and CP Boulders LLC to serve the amended crossclaim (Doc. 18) via the same alternative means so as to eliminate the need for any additional process servers to be sent to the Colter St. Residence.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to serve via alternative means

---

[2]  This email address is shown on each page of the Elite Staffing Services, LLC website, https://elitestaffingagency.co/, including the "Contact Us" page.

[3]  The Court considers the prolonged yelling, the snatching and temporary possession of Hepp's cell phone, the filming of the interaction, and the threat to "physically remove" Hepp from the premises of the Colter St. Residence to be unusually hostile.

1  (Doc. 16) is **granted**. Plaintiff may serve the Elite Staffing Defendants (Elite Staffing
2  Services, LLC, Dulce Matias, and Joseph Rodriguez) by sending the summons, the
3  pleading being served, and a copy of this order to the Colter St. Residence via Certified
4  Mail and to Elite Staffing Services, LLC via email at elitestaffingllc@outlook.com.

**IT IS ORDERED** *sua sponte* granting leave for Columbia Sussex Corporation and CP Boulders LLC to serve the Elite Staffing Defendants with the amended crossclaim using the same alternative means.

Dated this 20th day of November, 2024.

Dominic W. Lanza
United States District Judge